J-S02001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE GREEN | |
| Appellant | No. 1173 EDA 2013 |

Appeal from the PCRA Order April 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007511-2005

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 25, 2015**

Appellant, Andre Green, appeals from the April 8, 2013 order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

The underlying facts are set forth in full in this Court's memorandum resolving Appellant's direct appeal, and need not be reiterated in full here.

---

[1] The Commonwealth did not timely file a brief in this matter.  The Commonwealth's brief was initially due on September 3, 2014.  On September 10, 2014, the Commonwealth filed an application for *nunc pro tunc* first extension of time to file brief of Appellee.  This court entered a *per curiam* order extending the Commonwealth's deadline to file a brief to November 3, 2014, and advised that no further extensions would be granted.  On January 20, 2015, the Commonwealth filed a second application for *nunc pro tunc* extension of time to file a brief, however, a brief for the Commonwealth did not accompany this application.  The Commonwealth's motion is denied.

*See Commonwealth v. Green*, 951 A.2d 1210 (Pa. Super. 2008) (unpublished memorandum at 2-3). Briefly, on June 12, 2004, Appellant shot and killed Craig Dunston after Dunston attempted to intervene in a verbal altercation between Appellant's girlfriend, Tiffany Nelson, and Nicki Doughty. *Id.* at 2. Appellant's gunfire also hit bystander Taahirah Wesley. *Id.*

On September 26, 2006, following a bench trial, Appellant was found guilty of one count each of third-degree murder, aggravated assault, recklessly endangering another person (REAP), and possessing instruments of crime (PIC).[2] On November 28, 2006, the trial court imposed an aggregate sentence of 25 to 50 years' incarceration.[3] Appellant filed a timely notice of appeal on November 30, 2006. On February 15, 2008, this Court issued a memorandum decision, affirming the November 28, 2006 judgment of sentence. *Id.* at 3. Appellant did not file a petition for allowance of appeal in our Supreme Court.

---

[2] 18 Pa.C.S.A. §§ 2502(c), 2702(a), 2705, and 907(a), respectively.

[3] Specifically, the trial court sentenced Appellant to 20 to 40 years' incarceration for the conviction of third-degree murder. N.T., 11/28/06, at 19. On the aggravated assault conviction, the trial court imposed a consecutive sentence of five to ten years' incarceration. *Id.* at 19-20. The trial court imposed sentences of one to two years' incarceration on the REAP conviction and one to five years' incarceration on the PIC conviction, both to run concurrent to the sentence for third-degree murder. *Id.* at 20.

On July 31, 2008, Appellant filed a timely *pro se* PCRA petition, and the trial court appointed counsel. On February 20, 2013, counsel filed a motion to withdraw along with a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. Appellant did not respond to counsel's **Turner**/**Finley** letter or the motion to withdraw. On March 1, 2013, the PCRA court issued a dismissal notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not respond to the Rule 907 dismissal notice. On April 5, 2013, the PCRA court granted PCRA counsel's motion to withdraw and dismissed Appellant's PCRA petition.[4] Thereafter, on April 18, 2013, Appellant filed a timely *pro se* notice of appeal.[5]

On appeal, Appellant raises the following issues for our review.

---

[4] We note that the certified record does not contain the April 5, 2013 order. However, the docket statement contains an entry noting the April 5, 2013 order was entered dismissing Appellant's PCRA petition and granting counsel's motion to withdraw. This Court has made an effort to obtain said order, but it is unavailable. Nevertheless, because Appellant notes that the PCRA court permitted counsel to withdraw, and Appellant does not challenge counsel's withdrawal in this appeal, our review is not hindered. Appellant's Brief at vii. Additionally, an order dated April 8, 2013, which is in the certified record, also dismisses the PCRA petition, and contains a footnote providing that "[Appellant] may proceed *pro se* or with retained counsel; no new counsel is to be appointed." PCRA Court Order, 4/8/13, at 1 n.1.

[5] Appellant and the PCRA court have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

> A. Whether trial counsel was ineffective for failing to investigate whether a Commonwealth witness was coerced by police to select [Appellant's] photograph during a photo array session?
>
> B. Whether appelate [sic] counsel was ineffective for failure to perfect an appeal?
>
> C. Whether the PCRA court misapprehended the law relating to post conviction relief?
>
> D. Whether PCRA consel [sic] was ineffective for failing to file an amend[ed] PCRA petition advancing the claims Appellant requested counsel to raise, as well as for failing to seek to have Appellant's appeal rights reinstated *nunc pro tunc*?

Appellant's Brief at v (some capitalization removed and italics added).[6]

The following principles guide our review of an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

_____

[6] We have reordered the issues that Appellant raises for purposes of our review.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, --- A.3d ---, 2014 WL 6991663 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. *Id.* § 9543(a)(2)(ii). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing. We review such a decision for an abuse of discretion. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Id.*, *quoting* *Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also* Pa.R.Crim.P. 907. "The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable

- 5 -

merit or no prejudice resulted, no evidentiary hearing is required."

***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-727 (Pa. 2014) (citations omitted).

Each of Appellant's issues alleges ineffective assistance of counsel. When reviewing a claim of ineffective assistance, we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Birdsong***, 24 A.3d 319, 329 (Pa. 2011).

Before we reach the merits of Appellant's claims, we must first determine if he has preserved the issues for our review. We conclude that Appellant has waived the majority of his claims either by failing to include them in his Rule 1925(b) statement or by not raising them in the PCRA court or on direct appeal. First, our Supreme Court has definitively held that Rule 1925(b) is a bright-line rule, and any issues not raised in a Rule 1925(b) statement must be deemed waived. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). In his first claim, Appellant asserts, in part, that his trial counsel was ineffective at the preliminary hearing. Appellant's Brief at 6-8. However, Appellant did not raise this issue in his Rule 1925(b) statement. Accordingly, we deem this issue waived. *See Hill*, *supra*.

Next, "[i]t is well-settled that 'issues not raised in a PCRA petition cannot be considered on appeal.'" *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011), *quoting Commonwealth v. Lauro*, 819 A.2d 100, 104 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003). In his first issue, Appellant also claims trial counsel was ineffective for not attempting to interview Christine Martin in preparation for trial. Appellant's Brief at 8. In his second issue, Appellant alleges appellate counsel was ineffective for failing to "perfect an appeal" by failing to file a petition for allowance of appeal with our Supreme Court. *Id.* at 9. Moreover, in his third issue, he claims the PCRA court erred in concluding he waived these issues. *Id.* at 2-3, 5. Appellant did not

include any of these issues in his PCRA petition or any of his additional filings with the PCRA court. Instead, he raised them for the first time in his Rule 1925(b) statement and appellate brief, respectively. Accordingly, we conclude Appellant has waived these issues, and is due no relief. **See Ousley**, **supra**.

Further, in his third issue, Appellant argues the PCRA court erred by finding his claim of a **Brady**[7] violation waived for failure to raise them on direct appeal. **Id.** at 4. Appellant contends that the prosecutor failed to disclose the circumstances of the allegedly coerced photo identification by Martin. **Id.** We agree with the PCRA court that Appellant has waived this claim as it could have been raised on direct appeal as Appellant acknowledges that the Commonwealth disclosed the aforementioned evidence on the day of trial. **See** Appellant's Brief at 4; **see also** 42 Pa.C.S.A. § 9544(b); **Commonwealth v. Roney**, 79 A.3d 595, 609 (Pa. 2013) (finding **Brady** claim is waived when appellant failed to raise the issue at trial or on direct appeal and did not argue counsel could not have uncovered those violations through reasonable diligence), *cert. denied*, **Roney v. Pennsylvania**, 135 S. Ct. 56 (2014).

Moreover, in his fourth issue, Appellant contends PCRA counsel was ineffective. A claim of ineffectiveness of PCRA counsel cannot be raised for

---

[7] **Brady v. Maryland**, 373 U.S. 83 (1963).

the first time on appeal. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014). Instead, issues of PCRA counsel ineffectiveness must be raised in a response to a PCRA court's Rule 907 notice or in a serial PCRA petition. *Id.* at 29. Appellant did not respond to either his appointed counsel's *Finley* letter or the court's Rule 907 notice. Appellant also did not raise PCRA counsel's ineffectiveness in his 1925(b) statement. Instead, Appellant raised the issue for the first time in his appellate brief. We recognize that Appellant was still represented by PCRA counsel, who had filed a *Finley* no merit letter, at the time the Rule 907 notice was issued and that the PCRA time bar may be an obstacle to future PCRA petitions. However, these circumstances do not alter the aforesaid requirement. "We are cognizant that failing to address PCRA counsel effectiveness claims for the first time on appeal renders any effective enforcement of the rule-based right to effective PCRA counsel difficult at the state level." *Id.* Accordingly, we conclude that Appellant's allegations of PCRA counsel ineffectiveness are not reviewable. *See id.* at 30.

In the only issue preserved for our review, part of Appellant's second issue, he argues appellate counsel was ineffective for filing a deficient brief with this Court in his direct appeal that did not preserve his appellate rights. Appellant's Brief at 10-12. However, while the panel of this Court deciding Appellant's direct appeal noted his "claim comes perilously close to being

waived for failure to comply with Pa.R.A.P. 2119," this Court nonetheless decided the appeal on the merits. *See Green*, *supra* at 3 n.1. Accordingly, this issue is not of arguable merit and fails as it does not meet the first prong of the *Pierce* test. *See Michaud*, *supra*; *Birdsong*, *supra*.

For the foregoing reasons, we conclude Appellant's issues on appeal are either waived or without merit. Therefore, discerning no error or abuse of discretion by the PCRA court, we affirm the April 8, 2013 order dismissing Appellant's PCRA petition without a hearing.

Order affirmed. Motion denied.

Judge Olson joins this memorandum.

Judge Wecht concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015